IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRUCE LANE**                                                                                   **PLAINTIFF**

**VS.**                              **CASE NO. 4:06CV000685 JMM**

**STEVENS TRANSPORT, INC., ET AL.**                                **DEFENDANTS**

**CELADON TRUCKING, INC.**                                         **INVOLUNTARY**
                                                                   **PLAINTIFF/**
                                                                   **INTERPLEADER**
                                                                   **DEFENDANT**

**ORDER**

Plaintiff Bruce Lane ("Lane") has moved for a declaratory judgtment for a "made whole" determination and a declaration that some, or all, of Celadon Trucking, Inc.'s ("Celadon"), lien for worker's compensation benefits is unenforceable. Celadon was added to the lawsuit by interpleader and has filed responsive pleadings. The Court received evidence at a hearing on June 22, 2007 and both parties have submitted briefs.

The essential facts are undisputed. Lane was an employee of Celadon on February 19, 2004, and was operating a tractor trailer at which time he sustained serious personal injuries in a motor vehicle accident with another similar rig. Lane filed suit against the operator of the other vehicle and their employer Stevens Transport, Inc., ("Stevens"). Lane also sought relief under the Indiana Worker's Compensation Act for benefits arising out of his employment with Celadon and eventually was paid a total of $183,028.79. Celadon is self-insured for worker's compensation liability and the payment represents a total settlement of its obligation to Lane.

1

Lane eventually settled his personal injury claims against Stevens and its employee for $750,000.00. Lane takes the position now that he was compelled to accept this settlement because of his economic circumstances and that the $750,000.00 amount has not fully compensated him for his injuries and damages. He seeks a determination in this action that he has not been "made whole" as that term is applied in Arkansas or Indiana, and that Celadon be precluded from enforcing its worker's compensation lien.

The Court has diversity jurisdiction of the action and the parties have raised no objections to the Court's jurisdiction.

Lane sustained serious permanent and debilitating injuries in the accident which were both physical and psychological. Lane has a knee injury which limits his ability to ambulate and will require, at a minium, multiple total knee replacements and, at its worst, an amputation of the leg. Lane also suffers from post-traumatic stress disorder which in addition to the physical and psychological injuries make it extremely unlikely he will be able to return to this occupation as a truck driver. The report of Wilbur Swearingin reflects that Lane is permanently and totally disabled from any meaningful employment.

Lane has incurred medical expenses which were stipulated into evidence at $109,173.40. His future medical expenses reduced to present value have been estimated to be in the range of $321,868.19 to $638,498.84. Lane was earning gross wages of $702.95 per week at the time of the accident. His projected loss of wages and fringe benefits as computed by economist Dr. Ralph Scott is $663,469.85.

Celadon's counsel conducted an interview of Lane during the evidentiary hearing in which Lane described the difficulties he has keeping his weight under control and the effect this has on his ability to exercise. He is still unemployed although he has attempted to find sedentary employment

consistent with his physical and psychological limitations.

Considering that Lane was not at fault in the accident, the Court finds that the amount of money required to make Lane whole would be $1,750,000.00.

The parties are in disagreement as to which state's law applies, Arkansas or Indiana. Which law applies is important because Arkansas recognizes the "made whole" doctrine and Indiana modifies the doctrine with a lien-reduction statute.[1]

In a diversity case the Court must follow the choice of law rules of the forum state. Although plaintiff would characterize this as a tort action where the law of the forum state would apply, the Court sees this particular dispute as a contract action between employer and employee. Celadon is asserting a lien from benefits paid under the Indiana worker's compensation statutes.

The Arkansas Supreme Court has not established a choice of law rule for this situation, but other jurisdiction have held that the correct choice of law is where the benefits are obtained. *See Summerford v. Covenant Transp.*, 370 F. Supp. 2d 934 (D. Neb. 2005). In *Summerford* the issue was whether, and to what extent, the employer trucking company, who paid worker's compensation benefits, but did not participate in the settlement of a third party claim by the plaintiff, was entitled to assert a right of subrogation against the settlement proceeds. The District Court, citing *Turney v. Werner Enterprises, Inc.,* 260 Neb. 440, 445, 618 N.W.2d 437, 440 (2000) found that Nebraska law applied and held the law of the state in which the employee obtained worker's compensation benefits applies. The *Turney* case reasoned it was "generally accepted that an employer's or insurer's subrogation interest in an injured employee's recovery from a third-party tort-feasor is determined by the law of the state in which the employee obtained workers' compensation benefits." *Id* at 445 (*citing Van Den Heuval v. Wallace*, 382 Pa.Super. 242, 555 A.2d 162 (1989); *LaBombard*

---

[1] Under the made-whole doctrine, a lien right does not rise until after an insured has been made whole by a judgment or settlement against a third-party tortfeasor.

*v. Peck Lumber Co.*, 141 Vt. 619, 451 A.2d 1093 (1982); *Perry v. Carter*, 620 S.W.2d 50 (Mo.App.1981); 9 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 144 (1999).

The Court agrees with the reasoning in both *Summerford* and *Turney* and finds that because Lane accepted benefits from the state of Indiana, Indiana law applies.

The parties also disagree as to the effect of applying Indiana Law. Celadon contends that Indiana has not adopted the "made whole" doctrine and that it is entitled to reimbursement in full of the worker's compensation benefits paid to Lane.[2] Lane takes the position that Indiana's lien reduction statute, Indiana Statutes Annotated § 34-51-2-19[3] applies so that Celadon's lien is diminished in the same proportion as Lanes' recovery would be diminished.

---

[2]Indiana's Worker's Compensation Act states:

[I]f the action against the other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted or settlement is made with the other person, either with or without suit, then from the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee or dependents.

Ind. Code Ann. § 22-3-2-13 (2007).

[3]Indiana Code § 34-51-2-19 provides:

If a subrogation claim or other lien or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished: (1) by comparative fault; or (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause; the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

The Court has reviewed all of the cases cited in both briefs and believes the reasoning found in *Weidenaar v. Indiana Ins. Co.,* 874 F.Supp. 235 (N.D. Ind. 1995) is the most persuasive. In *Weidenaar*, the Indiana District Court examined the interplay between Indiana's Worker's Compensation Act and the lien-reduction statute. *Id.* After reviewing the history of the lien-reduction statute, the Court held that the lien-reduction statute applied to the worker's compensation liens when the employee fails to obtain a full recovery. *Id.*

Finally, Celadon's argument that the lien-reduction statute should not apply because it did not participate in the settlement is without merit. The evidence is that Celadon was on notice and had a right to intervene at any time. *See* Ex. 3.

Celadon is entitled to a lien to the extent of 42.86% of its worker's compensation benefits paid to Lane. This percentage represents the proportion of Lane's actual settlement to the amount representing the "made whole" value of the claim. Celadon is thus entitled to $78,446.13 which is 42.86% of $183,028.79.

IT IS SO ORDERED THIS   10   day of   August  , 2007.

_____
James M. Moody
United States District Judge